WACHOVIA BANK AND TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF MARION L. TARGETT, DECEASED v. BEA KETCHUM AND MAGALINE BANKS

No. 855SC297

(Filed 3 September 1985)

**Wills § 28.4— construction of will—intent of testatrix**

  The trial court correctly construed a will where the testatrix appointed Wachovia as her attorney-in-fact on 7 August 1978, executed her will on 20 August 1978, bequeathed in her will one-third of the cash left at her death to Bea Ketchum, and disposed of the residue of her estate to Magaline Banks; Wachovia converted savings accounts and certificates of deposit to a treasury note which matured after the testatrix's death; and the trial court ruled that the proceeds of the treasury note be distributed according to the cash devise. It was clear that testatrix intended that Bea Ketchum be a beneficiary of a substantial portion of her estate; Wachovia's business judgment to convert assets from one form to another in the administration of testatrix's affairs should not be allowed to defeat her true intent.

APPEAL by defendant Banks from *Llewellyn, Judge.* Judgment entered 13 April 1984 in NEW HANOVER County Superior Court. Heard in the Court of Appeals 14 August 1985.

Plaintiff Wachovia brought this action to have the will of Marion Lewis Targett construed by the Court.

In her will, Ms. Targett provided for certain specific bequests of personal property. One of those bequests was set out in Item 6 of the will, as follows:

  I give and bequeath to BEA KETCHUM one-third (⅓) of the cash left at my death, including checking accounts, savings accounts, and certificates of deposit.

Item 7 of the will disposes of the residual of Ms. Targett's estate, as follows:

  All of the rest, residue, and remainder of my estate, real, personal, and mixed, of whatsoever nature, and wheresoever situate [sic], I give, devise, and bequeath to MAGALINE BANKS. . . .

Ms. Targett's will was executed on 20 August 1978. On 7 August 1978, Ms. Targett appointed Wachovia as her attorney-in-fact. Ms. Targett died on 8 July 1982. During the year 1978, in the course of managing Ms. Targett's affairs, Wachovia withdrew

$41,311.23 from Ms. Targett's various savings accounts and cashed certificates of deposit totalling $42,124.69. On 2 July 1979, Wachovia purchased a $70,000.00 (United States) treasury note which matured in July 1983, after Ms. Targett's death.

Wachovia petitioned the court to construe the will so as to allow it to correctly distribute the proceeds of the treasury note. After finding the foregoing facts, the trial court concluded that a correct construction of Ms. Targett's will required that the proceeds of the treasury note be distributed according to the terms and conditions of Item 6 of the will, and entered judgment accordingly. Defendant Banks has appealed from that judgment.

*Marshall, Williams, Gorham & Brawley, by Lonnie B. Williams, Jr., for defendant appellee, Bea Ketchum.*

*Keith, Hinn & Blackburn, by Ray C. Blackburn, Jr. and Helen Kelly Hinn, for defendant appellant, Magaline Banks.*

WELLS, Judge.

In construing disputed provisions of a will, the task of the courts is to ascertain the true intent of the testator. *Pittman v. Thomas*, 307 N.C. 485, 299 S.E. 2d 207 (1983). The language used, and the sense in which it is used by the testator is the primary source of information to determine the testator's intentions. *Id.* The will is to be construed in the light of the circumstances existing at the time the will was made, including the condition, nature, and extent of the testator's property. *Id.*

Applying these principles of construction to the case before us, we hold that the trial court ruled correctly. It appears from the findings made by the trial court that at the time Ms. Targett made her will, she had at least $80,000.00 of assets in the types of assets included in Item 6 of her will. Thus, it is clear that Ms. Targett then intended that Bea Ketchum be a beneficiary of a substantial portion of her estate. Wachovia's business judgment to convert Ms. Targett's assets from one form to another in the administration of her affairs should not be allowed to defeat her true intent to substantially benefit Ms. Ketchum.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

Chief Judge HEDRICK and Judge WEBB concur.