IN THE MATTER OF: THE ESTATE OF KERMIT STEWART WARREN, DECEASED

No. 858SC1369

(Filed 1 July 1986)

**Wills § 67— bequest of livestock—sale by incompetent testator's trustees—no ademption**

Where testator specifically bequeathed his interest in livestock to his daughter, testator subsequently became incompetent and did not regain his competency at any time before his death, testator owned an interest in certain livestock at the time he became incompetent, this interest in livestock was sold by testator's trustees, the funds from the sale were included in the assets coming into the hands of testator's executor, and there were sufficient assets in the estate to satisfy all of its obligations as well as all general, specific and demonstrative devises without any abatement of those devises, the testator's specific testamentary gift of his interest in livestock to his daughter was not adeemed by the trustees' sale thereof during testator's incompetency before his death, and the trial court properly directed the executor to distribute to testator's daughter an amount equal to the proceeds of the sale of the livestock.

APPEAL by respondent, Earl Warren, from Llewellyn, Judge. Orders filed 7 May 1985 and 8 May 1985 in WAYNE County Superior Court. Heard in the Court of Appeals 14 May 1986.

Kermit Stewart Warren executed his Last Will and Testament on 10 June 1977. Less than a year later, he was adjudged to be mentally incompetent and co-trustees were appointed to manage his affairs. Mr. Warren never regained his competency and died on 17 April 1981, survived by a daughter, Tennys Warren

In re Estate of Warren

Biederman, and a son, Earl Warren. C. Branson Vickory qualified as Executor of the Estate of Kermit Stewart Warren, deceased, and was issued letters testamentary on 24 April 1981.

In a petition filed 17 May 1982, Tennys Warren Biederman alleged that Kermit Stewart Warren had, by his will, made a bequest to her of his interest in livestock and that all of his livestock had been sold by his co-trustees before his death. She alleged that the proceeds of the sale had remained in the hands of the co-trustees until Mr. Warren's death and had then been turned over to his executor. She sought an order requiring the executor to distribute those funds to her under the terms of the will. The executor responded, contending that the testator had provided no direction as to the payment of the obligations of the estate, including taxes, and that it was likely that the costs of administration and payment of debts and taxes would consume the personal property of the estate and that any interest which petitioner had in the proceeds of the sale would therefore abate. Earl Warren responded, contending that the bequest to his sister, the petitioner, was for livestock owned at the time of their father's death and that since the testator had owned no livestock at the time of his death, petitioner had no rights by reason of the bequest.

After a hearing before the Clerk of Superior Court of Wayne County, orders were entered directing that all estate and inheritance taxes be paid from the residuary estate of Kermit Stewart Warren and requiring that the executor distribute to petitioner an amount equal to the proceeds of the sale of the livestock. Respondent Earl Warren appealed to the Superior Court. Upon appeal, Judge Llewellyn made findings of fact, conclusions of law and entered orders affirming the Clerk. Respondent Earl Warren appeals.

*Hall, Hill, O'Donnell, Taylor & Manning, by Raymond M. Taylor for petitioner appellee, Tennys Warren Biederman.*

*Duke and Brown, by J. Thomas Brown, Jr., for respondent appellant Earl Warren.*

MARTIN, Judge.

Appellant's single assignment of error is directed to the entry of Judge Llewellyn's orders "as being contrary to the law and facts in such cases made and provided." The assignment of error is based upon two identical exceptions in the record, one following each of the trial court's orders. Each exception states: "The Respondent Appellant excepts to the findings of fact and entry of this order." Insofar as these statements purport to be exceptions to the trial court's findings of fact, they are ineffective because they are "broadside." Therefore, appellant having taken no valid exception to the trial court's findings of fact, they are presumed to be supported by competent evidence and are binding on appeal. *Dealers Specialties, Inc. v. Neighborhood Housing Services, Inc.*, 305 N.C. 633, 291 S.E. 2d 137 (1982). Appellant's exceptions are effective only as exceptions to the entry of the orders. They present for review only the question of whether any error of law appears on the face of the record, which includes whether the facts found support the judgments and whether the judgments are regular in form. *State v. Kirby*, 276 N.C. 123, 171 S.E. 2d 416 (1970); *Green v. Maness*, 69 N.C. App. 403, 316 S.E. 2d 911, *disc. rev. denied*, 312 N.C. 621, 323 S.E. 2d 922 (1984).

By his first argument, appellant contends that Judge Llewellyn erred by ordering the executor to pay all of the estate and inheritance taxes from the assets of the testator's residuary estate. In the 8 May 1985 order, the trial judge found that the intent of Kermit Warren, as expressed by the terms of his will, was that "all North Carolina Inheritance Tax and Federal Estate Tax payable by reason of his death and the transfer of his property upon his death" be paid from the assets comprising his residuary estate. A testator has a legal right to direct the assets of his estate from which estate and inheritance taxes are to be paid by his executor. *Wachovia Bank & Trust Co. v. Waddell*, 234 N.C. 454, 67 S.E. 2d 651 (1951). Having ascertained that such was the intent of the testator in this case, the trial judge was correct in ordering that estate and inheritance taxes be paid from the residuary estate. Appellant's exception to the entry of the 8 May 1985 order is overruled.

Appellant next contends that the trial judge erred in his 7 May 1985 order by requiring the executor to pay Tennys Warren

Biederman an amount equal to the proceeds of the sale of Kermit Warren's interest in livestock. The facts found by Judge Llewellyn with respect to this issue may be summarized as follows: Kermit Stewart Warren executed his last will and testament on 10 June 1977. In his will, he bequeathed his interest in livestock to his daughter, Tennys Warren Biederman, and devised to her two specific tracts of real property. There were no other general, specific, or demonstrative bequests or devises, and the residuary of the testator's estate was left to his son, Earl Warren.

In February 1978, Kermit Stewart Warren was adjudged incompetent and co-trustees were appointed for him. He remained incompetent until the time of his death. At the time he was adjudged incompetent, he owned an interest in certain cattle. Thereafter, the co-trustees sold Kermit Warren's interest in the cattle for $22,543.48; the proceeds of the sale became assets of the Estate of Kermit Stewart Warren, Incompetent. Upon his death in 1981, the co-trustees distributed to the Executor of the Estate of Kermit Stewart Warren, Deceased, personal property having a value of at least $67,909.99, which amount included the proceeds of the sale of Kermit Warren's interest in the cattle. The proceeds of the sale are traceable through the accounts filed with the court by the co-trustees. The total assets of the estate were valued at $428,235.75, including personal property valued at $158,915.75 and real property valued at $269,320.00. These assets are sufficient to satisfy all remaining obligations of the estate, to satisfy the specific devise of realty to Tennys Warren Biederman, and to pay to Tennys Warren Biederman the proceeds of the sale of Kermit Warren's interest in the cattle.

Appellant argues that the bequest of livestock to Tennys Warren Biederman was adeemed when the livestock were sold by the co-trustees prior to Kermit Warren's death. The principle of ademption is a rule of law which applies to extinguish a specific testamentary gift where the property which is the subject matter of the gift is not found *in specie* in the testator's estate at the time of his death. *Tighe v. Michal,* 41 N.C. App. 15, 254 S.E. 2d 538 (1979).

> [A]n application of the principle of ademption can be rationalized on the theory that the testator would have changed his will upon the sale, loss, or destruction of any of the subject

matter of his specific testamentary gift if it had been his intention that the beneficiary should receive any substitute or contingent gift. Such view would be entirely proper, as a will generally reflects the testator's testamentary intent as of the date of his death. G.S. 31-41. When a person becomes mentally incompetent, however, that person ceases to be able to form testamentary intent. In such cases, it would defy reason to hold that a testator's will reflected his testamentary intent as of the date of his death, even though it had been legally determined that the testator was incapable of forming a testamentary intent for many years prior to that date.

*Id.* at 22, 254 S.E. 2d at 543-44. North Carolina, therefore, follows the majority rule that the principle of ademption does not apply when the testator becomes incompetent and the subject matter of a specific bequest or devise is sold by a guardian. *Id.*

When the principle of ademption does not apply, and the subject matter of the specific testamentary gift is not found in the testator's estate upon his death, the beneficiary is entitled to the proceeds of the sale of the property which was the subject of the gift, whether or not those proceeds have been commingled with other assets of the estate, unless it is necessary to abate the testamentary gifts of the testator. G.S. 28A-15-5(a) provides for abatement of shares of devisees and heirs "without any preference or priority as between real and personal property, in the following order:

(1) Property not disposed of by will;

(2) Residuary devises;

(3) General devises;

(4) Specific devises."

In the present case, the trial court found that testator specifically bequeathed his interest in livestock to his daughter, that he subsequently became incompetent and did not regain his competency at any time before his death, that at the time he became incompetent he owned an interest in certain livestock, that his interest in livestock was sold by his trustees for $22,543.48, that those funds were included in the assets coming into the hands of the executor, and that there were sufficient assets in the estate

to satisfy all of its obligations as well as all general, specific and demonstrative devises without any abatement of those devises. These findings are sufficient to support the court's conclusion that testator's specific testamentary gift of his interest in livestock to Tennys Warren Biederman was not adeemed by the trustees' sale thereof during testator's incompetency before his death, and to support the order directing the executor to distribute to her an amount equal to the proceeds of the sale. Appellant's exception to the 7 May 1985 order is overruled.

The orders appealed from are affirmed.

Affirmed.

Judges PHILLIPS and PARKER concur.