## EDMUNDSON v. MORTON

[103 N.C. App. 253 (1991)]

R. GENE EDMUNDSON, EXECUTOR OF THE ESTATE OF C. JULIAN WILSON (DE-
CEASED), PLAINTIFF v. MARGUERITE W. MORTON, JOE B. MORTON,
EDWIN B. WILSON, W. W. MASON, L. L. MASON, LOUISE W. TOLLEY,
CAROLYN W. JONES, W. H. STOVALL, JAMES A. HOWARD, ROBERT
W. HOWARD, GEORGIA HOWARD POMETTO, JOHN HOWARD, GLADYS
SYKES WALLACE, ELIZABETH D. SYKES, AND NANCY B. McKEE,
DEFENDANTS

No. 909SC813

(Filed 18 June 1991)

**Wills § 58.1 (NCI3d) — stocks and bonds — specific bequest — ac-
cession of stocks — ademption of bonds**

The trial court erred in a declaratory judgment action
to determine the rights of the beneficiaries in stocks and bonds
by concluding that the bequest was general and that the named
beneficiaries were entitled to all of the stocks and bonds, in-
cluding accessions. While the court viewed the testator's
language as indicating a specific bequest, the label of the be-
quest is not dispositive. It is clear from the language of the
will as a whole and the surrounding circumstances that the
testator intended the beneficiaries in Item 5 of the will to
take only those stocks and bonds bequeathed to him by his
wife. There is no mention of the testator's intent regarding
any accessions to the stock by split, dividend, or otherwise,
and those shares acquired by the testator between the time
of execution and his death pass through the residuary clause.
The bonds present a different problem because the attorney-in-
fact, who is also a residual beneficiary, exchanged several bonds
for Series HH bonds. The principle of ademption is not a
rule of law which operates blindly, and was not applied here
because the court was reluctant to allow a trustee to effective-
ly rewrite a will, particularly where, as here, the trustee stands
to profit from the transfers if they are viewed as adeeming
the bonds.

**Am Jur 2d, Wills §§ 1140 et seq., 1246, 1327, 1716.**

APPEAL by defendants Morton, Morton, Wilson, Mason, Mason,
Tolley, and Jones from judgment entered 13 February 1990 in
GRANVILLE County Superior Court by *Judge E. Lynn Johnson.*
Heard in the Court of Appeals 6 May 1991.

EDMUNDSON v. MORTON

[103 N.C. App. 253 (1991)]

Plaintiff, executor of the estate of C. Julian Wilson, brought this action for declaratory judgment regarding the rights of the named beneficiaries in certain stocks and bonds which the testator owned at the time of his death. Item Five, the bequest in question, reads as follows:

I give and bequeath to my nephews-in-law and my nieces-in-law who may be living at the time of my death, and Elizabeth Sykes, widow of my nephew-in-law, Arthur Sykes, share and share alike, all of the stocks and bonds which I may own as inherited by me from my wife, Rachel H. Wilson, and for identification purposes such stocks and bonds which I inherited from my wife are as follows:

228 Shares American Telephone and Telegraph Company, common

120 Shares American Tobacco Company, common

5 shares Carolina Power & Light Company, preferred

494.590 Shares Investors, Mutual, Inc., common

131.189 Shares Investors Variable Payment Fund, Inc., common

### U.S. SAVINGS BONDS, SERIES E

| NUMBER | DATE | MATURITY VALUE |
| --- | --- | --- |
| L4004877933E | Dec. 1943 | $50.00 |
| Q4008735615E | May 1943 | 25.00 |
| C4003195302E | Sept. 1943 | 100.00 |
| C4003195303E | Jan. 1943 | 100.00 |
| C4003195304E | Jan. 1943 | 100.00 |
| C4003195305E | Jan. 1943 | 100.00 |
| C4003195306E | Jan. 1943 | 100.00 |
| C4003195307E | Jan. 1942 | 100.00 |
| C4003026589E | Feb. 1942 | 100.00 |
| C4003195308E | March 1942 | 100.00 |
| C114698955E | Dec. 1945 | 100.00 |
| C114698956E | Dec. 1945 | 100.00 |
| C114698957E | Dec. 1945 | 100.00 |
| C114698958E | Dec. 1945 | 100.00 |
| C146275941E | April 1949 | 100.00 |
| C146275942E | April 1949 | 100.00 |
| C146275943E | April 1949 | 100.00 |

EDMUNDSON v. MORTON

[103 N.C. App. 253 (1991)]

| | | |
|---|---|---|
| C146275944E | April 1949 | 100.00 |
| C146275945E | April 1949 | 100.00 |
| C146275964E | April 1949 | 100.00 |
| C146275966E | April 1949 | 100.00 |
| C146275967E | April 1949 | 100.00 |
| C9340623E | Juen[sic] 1944 | 500.00 |

At the time the will was executed, testator owned 228 shares of American Telephone and Telegraph Company, 120 shares of American Tobacco Company, 5 shares of Carolina Power & Light Company, 850.59 shares of Investors Mutual, Inc. and 202.231 shares of Investors Variable Payment Fund, Inc. After the will was executed, and before testator's death, dividend reinvestments increased his holdings to 20.877 shares of Carolina Power & Light Company, and 277.791 shares of Investors Variable Payment Fund, Inc. A stock split increased the number of his shares of American Tobacco to 240. A portion of the bonds listed were exchanged, along with certain other bonds, by testator's appointed attorney-in-fact, for Series HH bonds.

The case was tried based on the above stipulated facts. The trial court found that the paragraph in question amounted to a general bequest, and that the beneficiaries listed in that paragraph should receive "the entirety of the bequest, including any accessions resulting from stock splits and stock dividends, as well as the Series E Bonds." Defendants Morton, Morton, Wilson, Mason, Mason, Tolley and Jones appeal.

*No brief for plaintiff.*

*Perry, Kittrell, Blackburn & Blackburn, by Charles F. Blackburn, and Charles M. White III, for defendants-appellants. Marguerite W. Morton and Joe B. Morton, Executors of the Estate of Marguerite W. Morton, Joe B. Morton, Edwin B. Wilson, W. W. Mason, L. L. Mason, Louise W. Tolley and Carolyn W. Jones.*

*Cheshire, Parker & Butler, by D. Michael Parker, for defendants-appellees James A. Howard, Robert W. Howard, Georgia Howard Pometto, John Howard, Gladys Sykes Wallace, Elizabeth D. Sykes and Nancy B. McKee.*

WELLS, Judge.

This appeal presents the sole question of whether the trial court properly interpreted the effect of Item Five of the will on

the distribution of the assets of the estate. The appealing defendants in this case are beneficiaries under the residual disposition clause in Julian Wilson's will, who would stand to benefit from a different interpretation of the provisions of Item Five. The appellee defendants are those who stand to benefit from the trial court's interpretation. We remand this action for modification of the declaratory judgment entered.

The trial court concluded that Item Five was a general bequest, and that the named beneficiaries were entitled to all of the stocks and bonds in that bequest, including all accessions. Appellees contend that the trial court's characterization of the bequest is correct because the testator mentioned "all of the stocks and bonds." Appellants contend that the bequest is a specific bequest, covering only the number of shares mentioned or described in the bequest. Usually, a bequest of all of a testator's property is a general bequest. N. Wiggins, *Wills and Administration of Estates in N.C.*, § 140 (2d ed. 1983). In this case, however, testator left all that he may have owned of a particular block of stocks and bonds which he inherited from his wife, not all of his stocks and bonds. A helpful statement of the rule on how best to characterize a bequest of stocks and bonds is set out in W. Bowe and D. Parker, *Page on Wills*, § 48.6 (1962):

> The general rule is that if it appears from the entire will that the testator intends to pass particular stocks, bonds, or other securities which he has described with sufficient certainty, the gift is specific. . . .

In *Heyer v. Bullock*, 210 N.C. 321, 186 S.E. 356 (1936), Chief Justice Stacy described a specific bequest as follows:

> A specific legacy is a bequest of a specific article, distinguished from all others of the same kind, pointed out and labeled by the testator. . . .

*Accord Wachovia Bank & Trust Co. v. Dodson*, 260 N.C. 22, 131 S.E.2d 875 (1963).

While we view the testator's language to indicate a specific bequest, we do not think the question of how best to label the bequest is dispositive of the issue in this case. The general rule is that the beneficiary of a general bequest of stock does not receive the benefit of accession to the stock occurring between the time of execution and the testator's death. Annotation, *Change In Stock*

*Or Corporate Structure, Or Split Or Substitution Of Stock Of Corporation As Affecting Bequest Of Stock,* 46 A.L.R.3d 7.

Our task in interpreting the will is to determine, insofar as it is possible, the intention of the testator. *Barnes v. Evans,* 102 N.C. App. 428, 402 S.E.2d 164 (1991). It is clear from the language of the will as a whole and the surrounding circumstances of record that the testator intended the beneficiaries in Item Five to take only those stocks and bonds bequeathed to him by his wife. He "pointed out and labelled" those stocks and bonds which were included in that bequest. The parties stipulated that a stock split increased the number of shares testator held in American Tobacco to 240. The parties also stipulated that testator acquired 15.877 shares of Carolina Power & Light Company and 75.56 shares of Investors Variable Payment Fund, Inc., through "dividend reinvestments." The trial court referred in its order to "stock dividends." While this creates an ambiguity as to whether the testator had reinvested cash dividends, or had simply received stock dividends from these companies, this ambiguity does not affect our holding. There is no mention in the bequest of the testator's intent with regard to the disposition of any accessions to the stock, by way of stock split, stock dividend, dividend reinvestment, or otherwise. We hold that those shares of stock acquired by testator between the time of execution and his death pass through the residuary clause, rather than to the named beneficiaries in Item Five.

The disposition of the bonds presents a different problem. Testator's attorney-in-fact exchanged several of the bonds bequeathed to testator from his wife, along with other Series E bonds, for four Series HH bonds dated September 1981. Testator's attorney-in-fact is also a beneficiary under the residuary clause of the will. The trial court held that the beneficiaries named in Item Five take the "entirety of the bequest" which was to include "all of the Series E Bonds." This creates an ambiguity as to whether the beneficiaries should take only those Series E bonds which remain or can be repurchased, or should take the proceeds from any transfer of the object of the bequest. Insofar as the trial court's declaratory judgment is contrary to our holding, it must be modified on remand.

An ademption generally occurs when the subject matter of a specific devise or bequest has been transferred during the testator's

EDMUNDSON v. MORTON

[103 N.C. App. 253 (1991)]

lifetime, and cannot be found in the testator's estate when he dies. *Tighe v. Michal*, 41 N.C. App. 15, 254 S.E.2d 538 (1979). The principle of ademption is a rule of law which operates without regard to the testator's intent. *Id.* It is not a rule of law which operates blindly, however, as evidenced by the fact that we did not apply it in that case. It also should not be applied on the facts of this case.

In *Tighe*, the testatrix had become incompetent, and her trustees had bought and sold certain stocks. There is no evidence in this case that testator was ever incompetent, nor any indication of why an attorney-in-fact was appointed for him. We are generally reluctant to allow a trustee to, in effect, rewrite a will. *See Wachovia Bank and Trust Co. v. Ketchum*, 76 N.C. App. 539, 333 S.E.2d 542 (1985). Particularly where, as here, the trustee stands to profit from the transfers if they are viewed as adeeming the Series E bonds, we decline to hold that such an ademption took place. We hold, therefore, that the named beneficiaries in Item Five are entitled to the entirety of the original bequest of Series E bonds. Insofar as the bonds have been transferred or sold by the attorney-in-fact, the named beneficiaries are entitled to the proceeds, unless it is necessary to abate the testamentary gifts of the testator. *In re Estate of Warren*, 81 N.C. App. 634, 344 S.E.2d 795 (1986).

In summary, we hold that the beneficiaries in Item Five shall take only those stocks which testator listed in the bequest and owned at death. All accessions to these particular stocks occurring by way of stock split or stock dividends *since* testator's death pass along with the bequest. *Wachovia Bank & Trust Co. v. Dodson, supra*. Those stocks acquired between the time of execution of the will and testator's death do not pass along with the bequest. The transfer of Series E bonds by testator's attorney-in-fact shall not be construed as working an ademption.

This case is remanded to the trial court for entry of a judgment consistent with our opinion.

Modified and remanded.

Judges ARNOLD and PHILLIPS concur.