MARY MARGARET MOORE, INDIVIDUALLY, AND JOHN TURNER WALSTON, IN HIS REPRE-
SENTATIVE CAPACITY AS ADMINISTRATOR CTA OF THE ESTATE OF EVAN CHARLES FOWLER,
DECEASED, PLAINTIFFS, v. DEBORAH LODGE STERN, GLEN ALLEN LODGE,
WILLIAM FOWLER AND JON R. FOWLER, DEFENDANTS.

No. COA95-82

(Filed 16 April 1996)

**1. Wills § 137 (NCI4th)— item in will as residuary clause**

    Item III of testator's will was a residuary clause where it stated that "I will, devise, and bequeath all of my property of

every sort, kind, and description, both real and personal, . . .";
regardless of the lack of prior devises or bequests, Item III dis-
posed of all property not expressly disposed of by other provi-
sions of the will and therefore operated as a residuary clause; and
the item made a gift of all property without designating any par-
ticular parcel or article and so was not a specific devise and/or
legacy rather than a residuary clause.

**Am Jur 2d, Wills §§ 1539, 1547.**

2. **Wills § 164 (NCI4th)— anti-lapse statute—qualified
issue—lapsed residuary gift**

A lapsed one-half share of a residuary gift to testator's
deceased brother-in-law passed to the qualified issue of testa-
tor's brother, the other residuary beneficiary who would have
taken the lapsed share had he survived the testator. N.C.G.S.
§ 31-42(c)(2).

**Am Jur 2d, Wills §§ 1671 et seq.**

Appeal by defendants William Fowler and Jon R. Fowler from
order entered 3 October 1994 by Judge Paul M. Wright in Wayne
County Superior Court. Heard in the Court of Appeals 24 October
1995.

Plaintiffs filed this action on 22 June 1994 for a declaratory judg-
ment seeking an interpretation of Evan Charles Fowler's will.
Defendants William Fowler and Jon R. Fowler filed an answer joining
in plaintiffs' petition for interpretation of the will. Defendants
Deborah Lodge Stern and Glen Andrew Lodge were served but never
answered or appeared, and they have taken no part in this appeal.
(Although the official caption lists Glen Allen Lodge as a defendant, a
review of the complaint filed and the facts of the case reveal Glen
Andrew Lodge is the correct defendant.) Plaintiffs moved for sum-
mary judgment, and after a hearing, the trial court entered an order
on 3 October 1994 granting summary judgment for the plaintiffs,
declaring Mary Margaret Moore to be the sole heir to the estate of
Evan Charles Fowler. From this order, defendants appeal.

*Warren, Kerr, Walston, Hollowell & Taylor, L.L.P., by John
Turner Walston and David E. Hollowell, for plaintiff-appellees.*

*Donald P. Eggleston for defendant-appellants.*

McGEE, Judge.

The facts in this case are undisputed. Evan Charles Fowler (testator) died testate on 28 November 1992. He was predeceased by his wife, Norma Lodge Fowler, and he left no issue. By his will, dated 18 August 1966, testator left his entire estate to his wife. In the event his wife predeceased him, the will provided as follows:

### Item III

In case my wife, Norma Lodge Fowler, shall not survive me, or in the event it will be impossible to determine which of us died first, I make the following disposition of my Estate: I will, devise, and bequeath all of my property of every sort, kind, and description, both real and personal, unto my brother, Franklin Lee Fowler, and to the brother of my wife, Glen Allen Lodge, share and share alike, absolutely and in fee simple. I hereby recognize that there is another brother of mine named Carl Evans Fowler; however, I know his needs are already adequately provided for.

Both of testator's brothers predeceased him. Franklin Lee Fowler left a daughter, plaintiff Mary Margaret Moore, as his sole issue. Carl Evans Fowler left two sons, defendants William Fowler and Jon R. Fowler, as his sole issue. Testator's brother-in-law, Glen Allen Lodge, also predeceased him, leaving defendants Deborah Lodge Stern and Glen Andrew Lodge as his only issue.

The parties agree that pursuant to N.C. Gen. Stat. § 31-42(a) (1995 Cum. Supp.), Mary Margaret Moore receives one-half of the estate of the testator by substitution for her father, Franklin Fowler. The parties also agree that because Deborah Lodge Stern and Glen Andrew Lodge are not qualified issue as defined by N.C. Gen. Stat. § 31-42(b) (1995 Cum. Supp.), Evan Charles Fowler's testamentary gift to his brother-in-law, Glen Allen Lodge, lapses. Therefore, the sole issue on appeal is the disposition of the lapsed Lodge share.

Plaintiffs argue this case is controlled by the decision in *In re Will of Hubner*, 106 N.C App. 204, 416 S.E.2d 401, *disc. review denied* 332 N.C. 148, 419 S.E.2d 572 (1992). In *Hubner*, this Court held: "If the predecessor would have taken a share of a lapsed residuary gift, then the qualified issue may also participate in this lapsed gift." *Hubner*, 106 N.C. App. at 209, 416 S.E.2d at 403. Here, plaintiffs contend that Franklin Fowler, had he survived the testator, would have taken the lapsed share of Glen Allen Lodge pursuant to N.C Gen. Stat.

§ 31-42(c)(2) (1995 Cum. Supp.). Therefore, they argue that his daughter and qualified issue, Mary Margaret Moore, takes the lapsed share.

Defendants argue *Hubner* does not control because: 1) Item III of the will is not a residuary clause, and therefore *Hubner* is inapplicable to this case; and 2) even if Item III is a residuary clause, the *Hubner* decision should not be followed because the *Hubner* court incorrectly interpreted the legislative intent behind the 1987 amendment to N.C. Gen. Stat. § 31-42(a) and therefore incorrectly applied N.C. Gen. Stat. § 31-42 in that case. Under either argument, defendants claim the lapsed share passes by intestacy under N.C. Gen. Stat. § 31-42(c) (1995 Cum. Supp.), and that William Fowler and Jon Fowler, along with Mary Margaret Moore, each take one-third of the lapsed one-half share.

[1] As to defendants' argument that Item III is not a residuary clause, we disagree. A residuary clause is defined as "[a]ny part of the will which disposes of property not expressly disposed of by other provisions of the will." Black's Law Dictionary 1309 (6th ed. 1990). "It is well settled that no particular mode of expression is needed to constitute a residuary clause. All that is required is an adequate indication that a particular clause was intended to dispose of property which was not otherwise disposed of by the Will." *Betts v. Parrish*, 312 N.C. 47, 52-53, 320 S.E.2d 662, 665 (1984). Item III of the will states: "I will, devise, and bequeath *all of my property of every sort, kind, and description*, both real and personal, . . . ." (emphasis added). Although under the will no property will be distributed before the distribution made under Item III, this does not prevent Item III from being a residuary clause. Regardless of the lack of prior devises or bequests, Item III disposes of all property "not expressly disposed of by other provisions of the will" and therefore operates as a residuary clause. *See* Unif. Probate Code § 2-604, 8 U.L.A. 144 (cmt., Supp. 1995) ("A devise of 'all my estate,' or a devise using words of similar import, constitutes a residuary clause").

Defendants further contend that Item III is a specific devise and/or legacy rather than a residuary clause. "A specific legacy is a bequest of a specific article, distinguished from all others of the same kind, pointed out and labeled by the testator . . . ." *Edmundson v. Morton*, 103 N.C. App. 253, 256, 404 S.E.2d 890, 892 (1991), *affirmed*, 332 N.C. 276, 420 S.E.2d 106 (1992), *quoting Heyer v. Bullock*, 210 N.C. 321, 186 S.E. 356 (1936). Here, the will made a gift of all property

without designating any particular parcel or article. Item III is not a specific devise.

**[2]** As to defendants' second argument, they claim *Hubner* incorrectly interpreted the 1987 amendments to G.S. § 31-42. Defendants argue the legislative history shows the amendments were meant only to clarify the shares of a class gift available by substitution to qualified issue of deceased class members under G.S. § 31-41(a), and were not intended to give qualified issue a right to share by substitution in a lapsed residuary gift under G.S. § 31-42(c). However, even if we were to accept this argument, we are bound by the holding of *Hubner*. "[A] panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

We hold that Item III is a residuary clause and that this case is controlled by the decision in *Hubner*. Since Mary Margaret Moore is the qualified issue of Franklin Fowler, who would have taken the lapsed one-half share had he survived the testator, she is entitled to the lapsed share. Because Ms. Moore also takes the one-half share willed to her father, she is the sole heir of the estate of Evan Charles Fowler. The decision of the trial court is affirmed.

Affirmed.

Judges GREENE and MARTIN, Mark D. concur.