BOYUM, Chief Justice.
This matter is properly before the Supreme Court pursuant to Cherokee Code § 7-2(e). In accordance with Cherokee Rules of Appellate Procedure (RAP) 11(b)(3), the Court will review and render a decision on the record without oral argument.
Opinion
The following facts are not in dispute:
1.) The 2003 will of Gladys A. Wright is a valid will.
2.) Item II of said will reads as follows:
“All property which I own, or of which I may have the right to dispose of at the time of my death, both real and personal, I give, devise and bequeath to my children, Henry L. Wright, Jr., K. Susan Jasper, William Edward Wright and Elizabeth Jo Poscich, equally and in fee simple.”
3.) That the law of the State of North Carolina applies to the construction of the will in this case.
4.) That Gladys Wright was an enrolled member of the Eastern Band of Cherokee Indians and at the time of her death held a possessory interest in Tribal trust land in Cherokee County NC identified as Tract 35.
The standard of review for an appellate court when reviewing a trial court’s declaratory judgment is whether the trial court’s findings are supported by any competent evidence. Lineberger v. N.C. Dept. of Correction, 189 N.C.App. 1, 657 S.E.2d 673 (2008); Cross v. Capital Transaction Group Inc., 191 N.C.App. 115, 661 S.E.2d 778 (2008); Lynn v. Lynn, 202 N.C.App. 423, 689 S.E.2d 198 (2010). We have reviewed the findings and conclusions contained in the Trial Court’s Order dated September 7, 2012 and conclude that there are more than ample findings to support the conclusion that Item II of Gladys Wright’s will was a residuary clause that devised whatever interest she had at the time of her death to her heirs. In our review of both Federal and North Carolina case law in particular the cases of Moore v. Stern, 122 N.C.App. 270, 468 S.E.2d 607 (1996) and Johnson v. Remy, 220 F.2d 73 (1955), which contained residuary clauses very similar to the one in this case, we conclude as did the Trial Court that the term “fee simple” does not defeat the intent of the residuary clause in the will to pass whatever interest she had at the time of her death. Therefore, we find the Trial Courts application of the law to the facts in this case to be correct and adopt the Trial Court’s findings and conclusions in their entirety and further find that there was no genuine issue as to any material fact.
Accordingly, the Trial Court’s order granting summary judgment for the plaintiffs and declaring that Gladys A. Wright’s *178 Last Will and Testament validly passed her property interest in Cherokee County Tract 35 to her heirs is hereby affirmed.
Justice TOINEETA PIPESTEM and Justice DAVIS (by designation), concur.