'Daniel, J.
 

 The question before us is, whether or not, the paper writing, marked B in the case, is to be taken as a part of the last will of William McDaniel, deceased, and to be incorporated with the paper marked
 
 A,
 
 which is admitted by all parties to be testamentary. The pro-pounders insist, that the paper B is to be now considered testamentary, although it w#s not intended so to be, at its original making. And, they rely on what is said by the testator in the second clause of the paper A. That clause is as follows: 44 It is my will and desire, that after *4 my decease and the decease of my wife Jane McDaniel, (hat all my property of every description, real and per-44 sonal, which has not heretofore been
 
 deeded away by me,
 
 44 shall be sold by my executors, and the proceeds thereof “ shall be equally divided between all the children of my <! son John McDaniel, and all the children of my deceased 44 daughter Elizabeth Darby,” &c. The law is, that, if a testator, in his will, refers expressly to another paper, and the will is duly executed and attested, that paper, whether attested or not, makes part of the will; but the instrument referred to must be so described, as to manifest distinctly what the paper is, that is meant to be incorporated, and in such a way that the Court can be under no mistake : and the reference must be to a paper already written, and not to one, to be written subsequently to the date of the will.
 
 Lovelass on Wills, {Barrow's ed.)
 
 305.
 
 Ha-bergan.
 
 v.
 
 Vincent,
 
 2 Ves. Jun. 228.
 
 Smart
 
 v.
 
 Pujcin,
 
 6
 
 *230
 
 Ves. 565.
 
 Hume
 
 v.
 
 Rundell,
 
 6 Madd. 341.
 
 Wilkinson
 
 v.
 
 Adams,
 
 1 Ves. and Bea. 445. Does the law, as tiras laid down, support the case made by the propounders of this paper. We think it does not. If the property mentioned in the paper B, passed to William W. Price, by force of the said paper B, as a deed, then it s.cems to us plain, that the testator did not mean to dispose of it or to confirm the said paper, by what he has written in the second clause of his last will; because he professes to dispose, by his said will, of that property only, which he had not theretofore deeded away. If, on the other hand, the property, mentioned in the paper B, belonged to the testator, and had not before been deeded away bjr him, it then, by the very terms of the second clause in the will, was to be sold and the money divided among certain of his grandchildren. The propounders appear to be placed in a dilemma, from which this Gourt cannot extricate them. The testator does not, in the second clause of his will, refer expressly to the paper B : it is not so described (if described at all) as to manifest distinctly to the Court without mistake, that this paper was intended to be incorporated in his last will. It has been insisted by counsel in the argument, that the testator intended, by the words he has used, to confirm and
 
 to
 
 incorporate, in his said will, all the deeds, (and he made other deeds) and other papers in the nature of deeds, which he before had ever executed.. The answer to this is, that we cannot, manifestly and without the danger of a mistake, see that it was the intention of the testator to incorporate all or either of them in his will. It rather seems to us, that the testator used the words (“ which has not heretofore been deeded away”) to denote, that his then will was only t> operate (as the law would have made it operate) on that property, of which he then was the legal owner; and to inform the reader, that he had theretofore made deeds of some property, which he had once owned, and which property lie did not then intend to meddle with. Wc must
 
 *231
 
 therefore say, that we see no error in the opinion given by the Superior Court, and that the judgment must be affirmed.
 

 Pen Curiam. Judgment affirmed.