EMILY C. SILER et al. v. JOHN DORSETT et al.

*Devise— Will—Evidence—Burden of Proof.*

1. A testator may make a paper-writing, whether attested or not, written before or contemporaneously with, and clearly identified in a will, a part of it.

2. The testator devised a certain tract of land to his nephews, " upon the terms and conditions more fully set forth and explained in a written agreement between myself and their father, of even date with these presents: " *Held*, that the burden was upon those who claimed under this devise to show what were the " terms and conditions," and a compliance therewith.

CIVIL ACTION, tried at May Term, 1890, of CHATHAM Superior Court, *Womack, J.,* presiding.

The action is brought to recover possession of the land described in the complaint. On the trial it was admitted that Matthias Siler was the owner of the land in controversy, before and at the time of his death, and that the plaintiff Lucy M. was his only surviving child and heir at law. The identity of the land in controversy with that described in the second item of the last will and testament of said Matthias Siler was also admitted, as well as the identity of the defendants Frank and John Dorsett, as the devisees named and described in the second item of said will. It was also

admitted that Matthias Dorsett was dead, and that he was the father of the defendants, who are in possession of the land, and he was the same person of that name mentioned in the clause of the will above referred to.

The said will was duly proven, and the second item thereof is in the words following: "To my nephews Frank and John Dorsett, sons of Matthias Dorsett, I give the hereinbefore mentioned 'Jack Place' tract of land, upon the *terms and conditions* more fully set forth and explained in a written agreement between myself and Matthias Dorsett, father of the said Frank and John Dorsett, of even date with these presents." The defendants put the said will in evidence and rested their case for the present.

The plaintiff examined a witness, George Smith, and put to him this question: "Did you ever hear Matthias Dorsett, the father of the defendants, say that he had not complied with the agreement referred to in the will of Matthias Siler?" This question was objected to by the defendants. The objection was overruled, and the defendants excepted. This witness then said that he heard Matthias Dorsett say he didn't intend to comply with the agreement; that he was going to leave Matthias Siler, and would not stay with him for his "Jack Place" and everything he had. He was fixing to move away from Siler's. It was on Sunday before he left, after the will was written. He left before Siler's death. The defendants excepted.

On the cross-examination of this witness, he stated, in reply to a question put by the defendants, that Matthias Dorsett said to him that he was to live on Siler's place, his (Siler's) life-time, and wait on him and take care of him, and he (Siler) would deed his place to his (Dorsett's) two sons.

The defendants' counsel requested the Court, in writing, to instruct the jury that they should not consider as bearing upon the question of title any other evidence than the will of Matthias Siler and the contemporaneous written agree-

ment. This the Court declined to do, and told the jury that if they believed from the evidence that, at the time of the execution of the will by Matthias Siler, an agreement was made between him and Matthias Dorsett, the father of defendants, by which Dorsett should live on Siler's place during the latter's life-time, and wait on and take care of him, and that Siler would deed the "Jack Place" to the defendants, that in compliance with this agreement the said will was so executed, and that Matthias Dorsett did not comply with the agreement, but left Siler before his death, then the plaintiff is entitled to recover.

Thereupon, the defendant excepted, first, upon the ground that the Court refused to give the special instruction asked for; and secondly, because of the charge given.

There was a verdict and judgment thereupon for the plaintiff, and the defendants appealed to this Court.

*Mr. John Manning,* for plaintiff.
*Mr. J. H. Headen,* for defendants.

MERRIMON, C. J.: There can be no doubt that a testator may make a paper-writing, referred to, but not set forth in his will, a part of it. But to do so, such paper must be described and identified with such particularity as to designate and clearly show, and so that the Court can certainly see what paper is meant to be made part of the will. The paper must be written before or contemporaneously with the will, and not one to be written subsequent to the time it was executed. This is so, because the will must certainly express the testator's intention. And such paper, whether attested or not, will be part of the will. *Chambers* v. *McDaniel,* 6 Ired., 226; *Bailey* v. *Bailey,* 7 Jones, 44; *Johnson* v. *Clarkson,* 3 Rich. (S. C.), 305; *Tonnelle* v. *Hall,* 4 Comstock, 140; 1 Red. on Wills, § 261; Theobold's Law of Wills, 60.

It seems to us clear that the testator intended that the agreement referred to in the clause of his will above recited, and under which the defendants claim title to the land in controversy, should constitute part of that clause and, therefore, part of his will. It is distinctly referred to, and described with such particularity as to the parties to it and its purpose, as that there could scarcely be a mistake in identifying it as the agreement executed at the time of or before the execution of the will itself. It is intended that it should be part of, give character and distinctive purpose to, the devise. It expressed and embodied " the terms and conditions " upon which the devise was made—it was made an essential and material part of the devising clause.

In the absence of the agreement referred to, it is impossible to determine what the devise in question was—what were its " terms and conditions "—it is left incomplete and inoperative. The clear implication is that the testator intended to make the devise of the land to the defendants, not absolute, but in some way dependent upon " terms and conditions " specified in the agreement of the father of the defendants with the testator to do or not to do something—what, we cannot see further than that it was material to the completeness and efficiency of the devise.

The plaintiffs did not at all claim under the will—the defendants did—their title wholly depended upon the devise in it to them, and hence the burden was upon them to show, not simply a part, but every material part, of that devise, including its " terms and conditions," and to show that these terms and conditions, materially affecting their right, had been observed and performed. They failed to put in evidence a part of the will under which they claim materially affecting their rights, and hence they failed to make good their defence.

The evidence of the witness received on the trial and objected to by the defendants, in the absence of the agree-

ment, was irrelevant and immaterial. But, as we have seen, it did not prejudice them, and, therefore, that it was received is not good ground for a new trial. And for the like reason the instruction of the Court given to the jury, and that requested and not given, were immaterial. The defendants failed to show a complete and effective devise of the land to them.

Affirmed.