EDWIN RHOADS, JR., AND WIFE, ELIZABETH E. RHOADS, v. LLOYD O. HUGHES AND WIFE, JEANETTE E. HUGHES.

(Filed 24 February, 1954.)

**Wills § 31—**

> The courts may construe the language of a will only when the language is so uncertain, vague, ambiguous, or conflicting that it creates a doubt as to the true intent of testator. If the language used is clear and has a recognized legal meaning, there is no room for construction, and the recognized legal meaning of the language must be given effect.

APPEAL by defendants from *Parker (J. W.), J.,* November Term, 1953, BERTIE. Affirmed.

Civil action to compel specific performance of a contract to purchase real property.

The contract is admitted. Defendants decline to take title for the reason plaintiff Elizabeth Rhoads does not possess and cannot convey a marketable fee simple title to the property they contracted to purchase.

*Pritchett & Cooke for plaintiff appellees.*
*Stuart A. Curtis for defendant appellants.*

PER CURIAM. The jurisdiction of the courts may be invoked to construe a will when, and only when, the language used in the will is so uncertain, vague, ambiguous, or conflicting that it creates a doubt as to the true intent of the testator. If the devise is couched in language which is clear and has a recognized legal meaning, there is no room for construction. The applicable rule of law must control. Such is the case here. The *feme* plaintiff survived the testator. Manifestly, upon his death she became the owner of the *locus* in fee, subject to the preceding life estate devised to her mother.

The judgment entered in the court below is
Affirmed.