IN THE MATTER OF THE ESTATE OF LAWRENCE NORTON, DECEASED

No. 252PA91

(Filed 6 December 1991)

### Wills § 7 (NCI3d) — valid codicil — typewritten pages attached thereto — no incorporation by reference

The evidence was insufficient for the jury to find that a legally executed two-page codicil incorporated by reference six typewritten pages attached thereto, each of which were signed on the bottom by the decedent but which contained no witness signatures, where the evidence showed that the six-page document was in existence at the time the codicil was executed, but it also showed that, while decedent had the codicil stapled to the six-page document designated as "LAST WILL AND TESTAMENT OF LAWRENCE NORTON" and inserted the document in an envelope that had typed on the outside "WILL OF LAWRENCE NORTON AND CODICIL OF LAWRENCE NORTON," decedent had executed numerous wills prior to his death, and there was no reference within the

codicil itself clearly designating the six-page document as the "will" to which the codicil referred.

**Am Jur 2d, Wills §§ 199-202, 204, 205.**

Justice MARTIN dissenting.

Chief Justice EXUM and Justice FRYE join in this dissenting opinion.

ON discretionary review pursuant to N.C.G.S. § 7A-31 of an unpublished opinion of the Court of Appeals affirming an order of *Brooks, J.,* entered 15 February 1989 in Superior Court, SCOTLAND County. Heard in the Supreme Court 15 November 1991.

*Leath, Bynum, Kitchin & Neal, P.A., by Henry L. Kitchin and Stephan R. Futrell, for Teab Norton, propounder-appellant.*

*Etheridge, Moser, Garner and Bruner, P.A., by Kennieth S. Etheridge and William F. Moser, for Betty Williams and Mary Langley, respondent-appellees administratrices.*

*McLean, Stacy, Henry & McLean, by Everett L. Henry, for respondent-appellees remaining heirs of Lawrence Norton.*

MEYER, Justice.

This litigation arises out of an effort by propounder Teab Norton to have a paper writing probated in solemn form as the last will and testament of his father, Lawrence Norton, who died on 15 January 1987. The writing sought to be probated is a document consisting of a legal cover sheet and eight sheets of paper. The first page of the document following the legal cover is entitled "LAST WILL AND TESTAMENT OF LAWRENCE NORTON." Its first paragraph provides:

I, LAWRENCE NORTON, of Scotland County, North Carolina, do hereby revoke all wills and codicils heretofore made by me, and do hereby make, publish, and declare this my last will and testament in manner and form as follows . . . .

The successive paragraphs, among other things, direct the payment of testator's debts, make certain monetary bequests, and devise specified real properties. The dispositions conclude at the bottom of the sixth page, in mid-sentence of a metes and bounds description of a real property devise. These first six pages are stapled to

the flap of the legal cover sheet. The pages do not bear the signatures of any witnesses or a notary public, nor does a date appear, but in the lower right-hand side of each of the six pages is the signature of the testator.

The seventh page of the document is entitled "CODICIL TO LAST WILL AND TESTAMENT OF LAWRENCE NORTON." It states:

> I, LAWRENCE NORTON, of Scotland County, North Carolina, do hereby will, devise, and bequeath to my son, Alton Norton, the following tract of land with the stipulation that it is not to be sold for a period of ten (10) years . . . .

After the metes and bounds description of the property comes the following language:

> IN TESTIMONY WHEREOF, I, the said Lawrence Norton, have signed this typewritten page and the following Certificate of Self-Proven Codicil to my Will which together constitutes this Codicil to my Last Will and Testament and do hereunto set my hand and seal this 17th day of September, 1984.

Beneath this paragraph, Mr. Norton's mark and the signatures of two witnesses appear. Self-proving language, the signatures of a notary and two witnesses, and Mr. Norton's mark are found on the final page. These last two pages are stapled together, and the second page is stapled to the cover sheet, thereby adhering the codicil to the six aforementioned pages. The envelope containing these pages has printed on it "Will" and then the typewritten words "OF LAWRENCE NORTON AND CODICIL TO WILL OF LAWRENCE NORTON."

Propounder's evidence tended to show the following. On 17 September 1984, decedent had Ms. Blanche Blackwelder, now deceased, type the two-page document entitled "CODICIL TO THE LAST WILL AND TESTAMENT OF LAWRENCE NORTON." That same day, Ms. Blackwelder and a co-worker witnessed the notary public guiding the decedent's hand to make his mark on the document. Decedent had suffered a stroke and needed assistance.

Dorinda Wells, decedent's granddaughter, testified that in September 1984 she had accompanied decedent to Ms. Blackwelder's "to have something typed up requesting that Alton Norton would receive the pond." Decedent later asked Ms. Wells to "staple the ones that he received from Ms. Blanch[e] [Blackwelder] to the copy

## IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

of his will" and said that "they had to be attached to the will if they were to be any good." Ms. Wells complied with the request and testified that the document at issue here was the same as the one she stapled together under decedent's direction.

Shirley Stone, former legal secretary for Walter Cashwell, a Laurinburg attorney, testified on deposition that she knew decedent as a regular client of Mr. Cashwell and had seen and notarized decedent's signature on a number of occasions. In particular, she testified that she had typed the aforementioned "LAST WILL AND TESTAMENT OF LAWRENCE NORTON," that the six pages now in existence were the same ones she had typed, and that the signature at the bottom of each of the six pages was that of decedent. Further, Ms. Stone testified that she had prepared a number of different wills for the deceased but that she did not remember when she had prepared the other wills relative to the six-page document at issue here.

C. Whitfield Gibson, the Clerk of Court of Scotland County, testified that soon after decedent's death he inventoried decedent's safe-deposit box at First Union Bank in Gibson, North Carolina. Therein was a brown envelope with no writing on it, inside of which was a white envelope designated "WILL OF LAWRENCE NORTON AND CODICIL TO THE WILL OF LAWRENCE NORTON" that contained the eight-page document propounded as decedent's last will and testament. Clerk Gibson also found another writing within the brown envelope, a two-page document in a white legal cover designated "CODICIL TO WILL OF LAWRENCE NORTON." This document was properly executed 14 February 1975 and begins in midsentence. No reference to a specific will or other paper writing is made in the document.[1]

Ms. Vashti Freeman, formerly with the Gibson Branch of the First Union Bank, testified that decedent had rented a safe-deposit box there and further testified as to the bank's procedures regarding access to safe-deposit boxes. A ledger card admitted into evidence shows decedent's signature beside the dates 10 February 1975 and 14 February 1975. Accompanying an entry for 18 April 1984 is an "X" on the signature line; typed next to the "X" are the words "customer had a stroke." Ms. Freeman testified that she had typed

---

1. Propounder abandoned his attempt to probate the 14 February writing; therefore, it is unnecessary to discuss that document at length.

IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

this explanation and that no one other than decedent had access to the box. The ledger card showed that decedent accessed his box on 12 September 1984 and again at 10:30 a.m. on 17 September 1984, the date that the codicil propounded as part of decedent's will was executed. The bank's ledger card shows 17 September 1984 to be the last time decedent accessed the box. The final ledger entry is 30 January 1986 and is signed by Clerk Gibson, Ms. Freeman, and attorney Edward H. Johnston, Jr.

At the close of propounder's evidence, respondents moved for a directed verdict. This motion was denied. Respondents informed the trial court that they were not offering evidence and renewed their motion for a directed verdict. Propounder also moved for a directed verdict. Both motions were denied. The trial court submitted the following issues to the jury:

ISSUE # 1

    Was the two-page paper writing dated September 17, 1984, executed by Lawrence Norton according to the formalities of law required to make a valid last will and testament or a valid codicil to a last will and testament?

    . . . .

ISSUE # 2

    Were the first six (6) pages of Propounder's Exhibit Number 3 incorporated by reference by Lawrence Norton into the paper writing dated September 17, 1984 so as to constitute one document propounded by Teab Norton?

    . . . .

ISSUE # 3

    Is the eight-page document identified as Propounder's Exhibit Number 3 and every part thereof the Last Will and Testament of Lawrence Norton?

The jury found in favor of the propounder on each of the issues. After the jury returned its verdict, respondents moved for judgment notwithstanding the verdict as to issues two and three. The trial court granted this motion and entered judgment in favor of respondents.

## IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

On appeal, the Court of Appeals unanimously affirmed the trial court. The court did not address the judgment regarding issue number one, as respondents moved for judgment regarding only issues two and three. The court concluded that the first six typewritten pages propounded as decedent's last will and testament, although designated as such, do not constitute a legally valid will because of the lack of witness signatures. Further, while the two-page codicil is valid, as evidenced by the jury's unchallenged determination in issue one, the codicil fails to adequately identify the attached six pages so as to effectuate a valid incorporation by reference. Therefore, propounder's claims on appeal were denied.

The sole question before this Court is whether the Court of Appeals erred in affirming the trial court's decision to award judgment notwithstanding the verdict in favor of respondents because propounder failed to satisfy the legal requirements of testamentary incorporation by reference[2] or otherwise prove that the eight-page document as a whole constituted the final testamentary instrument of Lawrence Norton. We conclude that the Court of Appeals did not err, and we affirm its unanimous decision.

The documents at issue in this case are susceptible of numerous potential interpretations. The six-page document may possibly be conceived as a validly attested will. *See* N.C.G.S. § 31-3.3 (1984). However, we agree with the Court of Appeals that the stapled pages at issue here cannot constitute a legally valid will. Although decedent's signature on each page suggests that at some time these six pages may have been part of an attested will, the lack of witnesses' signatures vitiates this prospect. The question, therefore, turns on whether the properly executed 1984 codicil gives life to the six pages at issue through incorporation by reference.

N.C.G.S. § 31-5.8 provides in pertinent part: "No will or any part thereof, which shall be in any manner revoked, can be revived otherwise than by a reexecution thereof, *or by the execution of another will in which the revoked will or part thereof is incorporated by reference.*" N.C.G.S. § 31-5.8 (1984) (emphasis added).[3]

---

2. For an edifying student treatment of this doctrine, see Willis P. Whichard, Note, *Wills—Incorporation by Reference—Invalid Instruments*, 42 N.C. L. Rev. 493 (1964).

3. The legislature amended N.C.G.S. § 31-5.8 effective 1 October 1991, making the new terms of the statute applicable to the will of any person dying on or after that date. The changes made were not substantive, and because decedent

IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

Here, there is no evidence that the six pages were reexecuted. However, for purposes of statutory construction, a valid codicil is considered to be a "will." N.C.G.S. § 12-3(9) (1986).

The requirements for an incorporation by reference were articulated by this Court in *Watson v. Hinson*, 162 N.C. 72, 77 S.E. 1089 (1913):

> It is well recognized in this State that a will, properly executed, may so refer to another unattested will or other written paper or document as to incorporate the defective instrument and make the same a part of the perfect will, *the conditions being that the paper referred to shall be in existence at the time the second will be executed, and the reference to it shall be in terms so clear and distinct that from a perusal of the second will, or with the aid of parol or other proper testimony, full assurance is given that the identity of the extrinsic paper has been correctly ascertained.*

*Id.* at 79-80, 77 S.E. at 1092 (emphasis added); *see also Siler v. Dorsett*, 108 N.C. 301, 302, 12 S.E. 986, 987 (1891) ("[S]uch paper must be described and identified with such particularity as to designate and clearly show, and so that the court can certainly see, what paper is meant to be made part of the will."); *Chambers v. McDaniel*, 28 N.C. (6 Ired.) 226, 229 (1845) ("[T]he instrument referred to must be so described as to manifest distinctly what the paper is that is meant to be incorporated, and in such a way that the Court can be under no mistake . . . ."). Therefore, the essential inquiry here is whether there is: (1) reliable evidence that the six pages were in existence at the time of the codicil and (2) a "clear and distinct" reference in the codicil itself, or otherwise, such as to provide "full assurance" that the six pages were intended to be incorporated in the testamentary wishes of decedent Lawrence Norton.

Because this issue comes to the Court as a question of whether judgment notwithstanding the verdict was justifiably rendered, we must determine whether the evidence, taken in the light most favorable to propounder, as a matter of law permits an inference in propounder's favor. *In re Will of Mucci*, 287 N.C. 26, 213 S.E.2d 207 (1975). The evidence tends to show the following. At some

---

in the instant case died on 15 January 1986, well before the effective date of the new statute, the new terms of the statute do not come into play.

IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

unspecified time prior to 17 September 1984, Lawrence Norton signed each page of a document designated as his "LAST WILL AND TESTAMENT," of which only six pages now remain. No date appears on this document and the signatures of neither witnesses nor a notary appear. On 17 September 1984, decedent Norton legally executed a codicil which, in addition to devising certain property to his son Alton Norton, contained the following language:

> IN TESTIMONY WHEREOF, I, the said Lawrence Norton, have signed this typewritten page and the following Certificate of Self-Proven Codicil to my Will which together constitutes this Codicil to my Last Will and Testament and do hereunto set my hand and seal this 17th day of September, 1984.

Dorinda Wells, decedent's granddaughter, testified that decedent had asked her to staple the codicil to "the copy of his will," as he believed that otherwise the documents would not be "any good." Ms. Wells complied with this request. Shirley Stone testified that at some unspecified time during 1970-1977, she had typed the decedent's "LAST WILL," of which six pages now remain and are now attached to the codicil. Ms. Stone also testified that she had typed a number of other wills for decedent but that she could not remember when they were prepared relative to the six-page document.

On the basis of this evidence, it is apparent that sufficient evidence exists to satisfy the first *Watson* requirement that the extrinsic document be in existence at the time of the creation of the codicil. Ms. Stone testified that during the period she worked for decedent's attorney, 1970-1977, she had typed the six-page document pursuant to her employer's instructions. Further, she testified that the signature contained on the pages was that of decedent Lawrence Norton. Given that the document was typed before 1977 and that decedent's signature was on the pages at least before 17 September 1984, because as of that date Mr. Norton could no longer inscribe his name, the propounder offered sufficient evidence to satisfy the first prong of the *Watson* test. *Watson*, 162 N.C. at 79-80, 77 S.E. at 1092.

However, as to the second *Watson* requirement (that "the reference . . . be in terms so clear and distinct that . . . full assurance" is provided that the six-page document was intended to be incorporated, *id.*), we conclude that propounder's claim fails. While decedent had the codicil stapled to the document designated as "his will" and inserted the documents in an envelope that had

typed on the outside "WILL OF LAWRENCE NORTON AND CODICIL OF LAWRENCE NORTON," there exists no reference within the codicil itself that is "in terms clear and distinct" designating the six pages as the document to be incorporated. In *Watson*, we held that a properly executed document, such as the 1984 codicil here, can incorporate another document that is, for whatever reason, defective. *Id.* However, it is critical that the extrinsic document be adequately identified so as to give "full assurance" that it was the document to be incorporated. We agree with propounder that it is not dispositive that there is no proof that the six pages were physically present at the time of the execution of the 1984 codicil. Nevertheless, without adequate reference derived from the codicil itself or other evidentiary sources, a reviewing court cannot be assured that the decedent intended to incorporate the extrinsic document. The testimony of Ms. Stone established that decedent executed numerous wills prior to his death. This assertion is supported by an examination of the decedent's safe-deposit box, which itself contained a witnessed codicil dated 14 February 1975 that begins in mid-sentence and to which no reference is made in any of the other documents at issue. In the face of this evidence and the fact that the codicil provides no reference to the six pages, we cannot have the "full assurance" that the six pages attached to the codicil were intended by decedent to be incorporated.

The cases propounder offers in support of his position in no way alter our confidence in the outcome we reach today. In *Siler v. Dorsett*, 108 N.C. 300, 12 S.E. 986 (1891), the Court construed a will that devised a tract of testator's land to the testator's nephews "upon the *terms and conditions* more fully set forth and explained in a written agreement between myself and [their father] . . . of even date with these presents." *Id.* at 301, 12 S.E. at 986. The Court concluded that the will referred to the document distinctly enough to incorporate it by reference. Significantly, however, the Court in that case was concerned that there was no such document in evidence, not whether it was adequately described. In the instant case, the question is precisely whether the extrinsic document is adequately described. The other case offered by propounder, *Godwin v. Trust Co.*, 259 N.C. 520, 131 S.E.2d 456 (1963), is likewise inapposite. There, a trust agreement that was executed by husband and wife on the same day that they executed their wills, which left their estates to the trustee for disposition as outlined in the trust agreement, was found by the Court to be adequately incor-

## IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

porated by reference into each of their wills, although the trust agreement was improperly executed. Thus, the Court was not faced with a matter of clear identification, but rather with whether the invalidity of the trust vitiated the incorporation.

Finally, we feel obliged to address propounder's contention that the Court of Appeals' decision, and by extension our decision today, is unduly mechanical and therefore disserves the central tenet of will construction, namely, to give effect to the testator's intent. *See Pittman v. Thomas*, 307 N.C. 485, 492, 299 S.E.2d 207, 211 (1983). In particular, propounder contends that the strict application of our statutory law as to formal execution of a will is not at issue because there exists here a legally valid codicil. We believe that this misstates the question. The question is not whether the codicil was validly executed; rather, we must ask whether there was an effective incorporation by reference. In answering this question in the negative, we perceive no reason that the same strict rules as to the execution of a will or codicil should not be equally applicable to the doctrine of incorporation by reference. *See Alexander v. Johnston*, 171 N.C. 468, 470, 88 S.E. 785, 786 (1916) ("The right to dispose of property by will is statutory and can only be exercised by following the requirements of the statute." (Citation omitted.) ). Because the two requirements of *Watson* have not been met, we are compelled to conclude that the evidence is insufficient as a matter of law to justify the jury's verdict in propounder's favor, and we therefore affirm the Court of Appeals. *Beal v. Supply Co.*, 36 N.C. App. 505, 507, 244 S.E.2d 463, 465 (1978).

Affirmed.

Justice MARTIN dissenting.

I respectfully dissent. It has been the law of North Carolina for more than one hundred years that

> It is well recognized in this State that a will, properly executed, may so refer to another unattested will or other written paper or document as to incorporate the defective instrument and make the same a part of the perfect will, the conditions being that the paper referred to shall be in existence at the time the second will be executed, and the reference to it shall be in terms so clear and distinct that from a perusal of the second will, or with the aid of parol or other proper testimony, full

IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

assurance is given that the identity of the extrinsic paper has been correctly ascertained. The principle is sometimes referred to as "The doctrine of incorporation by reference," . . . .

*Watson v. Hinson*, 162 N.C. 72, 79-80, 77 S.E. 1089, 1092 (1913).

The evidence in this case supports the finding of each of the requirements as set out in the *Hinson* opinion for the incorporation of the six typewritten pages as a part of the will of Lawrence Norton. The two-page codicil is a valid testamentary document, the Court of Appeals so held. No one has appealed from that holding. Under N.C.G.S. § 12-3(9), a codicil can be treated as a will. Therefore, documents can be incorporated by reference into a codicil. This is true whether they are attached or not. Further, N.C.G.S. § 31-5.8 provides that a will can be revived through an incorporation by reference. A duly executed codicil may incorporate a paper in the form of a will which was never properly executed as a will. *Watson v. Hinson*, 162 N.C. at 72, 77 S.E. at 1089. The conditions are that (1) the paper to be incorporated must be in existence at the time of the execution of the incorporating will and (2) the reference to the extraneous document must be in terms so clear and distinct that from a perusal of the second will or with the aid of parol or other proper testimony full assurance is given that the identity of the extrinsic paper has been correctly ascertained.

There is no argument but that the six typewritten pages were in existence at the time that the codicil was executed. No one disputes this point, and the evidence is overwhelming that the six-page document was prepared prior to 1977, and the codicil was executed in 1984.

I now turn my attention to whether the six-page document is sufficiently referred to in the codicil under the facts and circumstances of this case. The codicil refers to itself as a "Codicil to [Norton's] Last Will and Testament." The question is what is the will to which the testator so refers. The propounder argues that the "will" has to mean the will found and attached to the codicil; this seems reasonable to me. Under the facts of this case the six pages were stapled to a lightweight cardboard legal cover together with the two-page codicil. The legal cover had the title: "Will of Lawrence Norton and Codicil to the Will of Lawrence Norton." The stapled papers were inside another legal envelope which bore the same inscription. The evidence further shows that the testator presented the two-page codicil and the six-page docu-

IN RE ESTATE OF NORTON

[330 N.C. 378 (1991)]

ment to his granddaughter and asked her to staple them together. He told his granddaughter that the six pages had to be attached to the will "if they were to be any good." This could only mean that he intended the entire eight pages to be his will. At that time he was clearheaded and deliberate in his intention to incorporate the six pages into his will. Thereafter, Norton took the papers to his bank and placed them in his lock box. The lock box was not re-opened until after Norton's death.

The trial judge erred in entering judgment notwithstanding the verdict. Judgment notwithstanding the verdict should not be imposed unless it appears, as a matter of law, that a recovery cannot be had by the plaintiff upon any view of the facts which the evidence reasonably tends to establish. *Bryant v. Nationwide Mut. Ins. Co.*, 313 N.C. 362, 329 S.E.2d 333 (1985); *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1977). In looking at the parol evidence and the extrinsic document, it is apparent beyond any misapprehension that the testator intended that the entire eight pages be his last will and testament. The stapling of the six-page document to the duly executed codicil and the testimony as to the facts and circumstances surrounding the stapling of the documents and the placing of them in the safety deposit box of the testator give full assurance as to the identity of the extrinsic paper being incorporated.

The actions of the testator with respect to the incorporation by reference of the six-page typewritten document to his two-page codicil was done in accordance with *Hinson*, 162 N.C. 72, 77 S.E. 1089, and there was evidence sufficient to submit this issue to the jury. The jury found in favor of the propounder. I conclude that the trial judge erred in entering the judgment notwithstanding the verdict and that the Court of Appeals subsequently erred in affirming this action. My vote is to reverse the Court of Appeals and reinstate the verdict of the jury.

Chief Justice EXUM and Justice FRYE join in this dissenting opinion.