ELIZABETH J. TYSON, PLAINTIFF v. LACY M. HENRY, ADMINISTRATOR, CTA OF THE ESTATE OF WILLIAM FRANCIS TYSON, VANCE B. TAYLOR, JULIE McKENZIE JONES, CONNIE TYSON BUNN, JAMES AUSTIN CONGLETON, A MINOR, AND BRETT TYSON CONGLETON, A MINOR, ALL UNKNOWN AND UNBORN BENEFICIARIES UNDER THE WILL of WILLIAM FRANCIS TYSON, DEFENDANTS

No. COA98-222

(Filed 1 June 1999)

### 1. Trusts— creation—transfer of property

An inter vivos trust was not created where the instrument clearly expressed the decedent's intent to create a trust but the decedent never transferred his property to the designated trustee.

### 2. Trusts— creation—incorporation by reference

A valid trust was created by the doctrine of incorporation by reference where the decedent created a trust agreement prior to executing his will and the will clearly and distinctly referred to the trust agreement. The will clearly expressed an intent on the part of the grantor to make the trust agreement part of his will and it makes no difference whether the purported trust was legally valid.

Appeal by defendants from judgment entered 26 November 1997 by Judge G.K. Butterfield in Pitt County Superior Court. Heard in the Court of Appeals 21 October 1998.

*Colombo, Kitchin, Johnson, Dunn & Hill, L.L.P., by Michael A. Colombo, W. Walton Kitchin, Jr. and Micah D. Ball, for plaintiff-appellee.*

*McLawhorn & Associates, by Charles L. McLawhorn, Jr., for defendant-appellant Henry.*

*Gaylord, McNally, Strickland & Snyder, L.L.P., by Emma Stallings Holscher and Danny D. McNally, for defendant-appellant Jones.*

*Owens, Rouse & Nelson, by James A. Nelson, Jr., for defendants-appellants Congleton.*

*Law Office of E. Keen Lassiter, by E. Keen Lassiter, for defendant-appellant unknown and unborn beneficiaries under the will of William Francis Tyson.*

TIMMONS-GOODSON, Judge.

This action arises out of an effort by Elizabeth J. Tyson ("plaintiff") to have a trust agreement executed by William Francis Tyson ("Tyson") declared void. The evidence tends to show that Tyson died on 16 October 1996. Prior to his death, Tyson executed a Last Will and Testament ("Will") on 29 April 1996. Article V of the Will stated the following:

> I bequeath and devise all tract or parcels of land which I own at the time of my death to VANCE B. TAYLOR, as Trustee under the provisions of a certain Trust Agreement executed on the ___ day of April, 1996, by me as the Grantor and VANCE B. TAYLOR as the Trustee therein designated; and I hereby direct that my interests in such tracts or parcels of land so devised to such Trustee shall be added to and administered as a part of the trust estate created and established under the terms and provisions of the said Trust Agreement for the benefit of beneficiaries and their successors in interest as therein defined.

Prior to executing the Will, Tyson also executed on the same date a purported trust agreement. Five dollars was recited as being delivered to Vance B. Taylor ("Taylor"), the trustee. The trust agreement further provided that other properties described therein may later be delivered to the trust. The trust agreement, however, was never signed by Taylor, the appointed trustee and a trustee was never appointed by a court.

In the trust agreement, Tyson provides income to plaintiff, his wife, for life and further provides for the distribution of his real property upon plaintiff's death. The beneficiaries of the trust agreement are plaintiff, Connie Tyson Bunn, James Austin Congleton, Julie McKenzie Jones, and Taylor. It is stipulated by the parties that the trust agreement was signed by Tyson prior to executing the Will. However, in the unverified answer, Taylor asserted that he never executed the trust agreement, did not receive any cash or property to be held as part of the trust agreement and refused to serve as trustee.

The Will was admitted to probate in common form. Defendant Lacy M. Henry was appointed Administrator, CTA, of the Estate of Tyson. On 17 April 1997, plaintiff filed suit to void the trust agreement executed by Tyson. After reviewing the pleadings, the Will, the trust agreement, stipulations of counsel, and hearing arguments of counsel, the trial court found in favor of plaintiff and declared the trust agreement void. All defendants, except for Connie Tyson Bunn and Vance Taylor, now appeal.

[1] In their sole assignment of error, defendants argue that the trial court erred in holding that the trust agreement executed by Tyson was not a valid trust. Defendants specifically argue that a valid inter vivos trust or a trust pursuant to the doctrine of incorporation by reference was created by Tyson on 29 April 1996.

In order to create a valid inter vivos trust there must be: "(1) sufficient words to raise it, (2) a definite subject, and (3) an ascertained object." *Thomas v. Clay*, 187 N.C. 778, 122 S.E. 852 (1924). "The creation of a trust is a present disposition of property, and not an undertaking to make a disposition in the future." *Baxter v. Jones*, 14 N.C. App. 296, 307, 188 S.E.2d 622, 628 (1972) (quoting 1 Restatement of Trusts 2d, § 16, p. 58). "In order to create an enforceable trust it is necessary that the donor or creator should part with his interest in the property to the trustee by an actual conveyance or transfer, and, where the creator has legal title, that such title should pass to the trustee." *Id.* (quoting 89 C.J.S., Trusts, § 63, p. 837).

The record indicates that the Tyson instrument clearly expressed the decedent's intent to create a trust. A trustee was designated and his obligations and duties were explained. Furthermore, the beneficiaries were clearly designated along with their interest in decedent's real property. However, the instant instrument can not qualify as an inter vivos trust because the decedent never transferred his property

interest to the designated trustee, Taylor. *Id.* In his unverified answer, Taylor admitted that he never received any cash or property from Tyson. Therefore, Tyson never disposed of his property to the trustee, Taylor. As a result, Taylor was never given full legal title or equitable ownership of Tyson's real property. Based on the aforementioned evidence, we are compelled to hold that an inter vivos trust was not created.

[2] We now must examine whether the trial court erred in determining that there was not a valid trust created by the doctrine of incorporation by reference. Our Supreme Court has clearly set forth the requirements for an incorporation by reference in *Watson v. Hinson*, 162 N.C. 72, 77 S.E. 1089 (1913):

> It is well recognized in this State that a will, properly executed, may so refer to another unattested will or other written paper or document as to incorporate the defective instrument and make the same a part of the perfect will, the conditions being that the paper referred to shall be in existence at the time the second will be executed, and the reference to it shall be in terms so clear and distinct that from a perusal of the second will, or with the aid of parol or other proper testimony, full assurance is given that the identity of the extrinsic paper has been correctly ascertained.

*Id.* at 79-80, 77 S.E. 1092. Generally, in order for a document to be incorporated by reference: (1) the defective document referred to must have been in existence at the time of the will's execution and (2) the reference to the defective document must be "clear and distinct" so full assurance is given that the defective document was intended to be incorporated in the testamentary wishes of the decedent. *In Re Estate of Norton*, 330 N.C. 378, 384, 410 S.E.2d 484, 487 (1991).

It is undisputed that the first element of the *Watson* test is satisfied because the parties stipulated that on 29 April 1996, prior to executing his last Will, Tyson created a trust agreement.

The second element of the *Watson* test is also satisfied, because the evidence shows that Tyson's Will "clearly and distinctly" referred to the trust agreement, providing assurance that the decedent intended that the trust agreement be incorporated in the Will itself. Tyson's Will stated the following, "I bequeath and devise all tract or parcels of land which I own at the time of my death to VANCE B. TAYLOR, as Trustee under the provisions of a certain Trust Agreement executed on the ___ day of April, 1996, by me as the

Grantor and VANCE B. TAYLOR as the Trustee therein designated[.]" The evidence satisfies the second prong of the *Watson* test for several reasons. First, the record indicates that the trust agreement admitted into evidence was dated 29 April 1996, the same date that the Will was executed. Second, Tyson was the grantor and Taylor was the designated trustee of the document. Third, Tyson's Will specifically refers to a trust agreement executed in April of 1996. There was no evidence in the record that any other trust agreement was created by Tyson, with Taylor as the designated trustee, in April of 1996. Lastly, Tyson's Will clearly expressed an intent on the part of the grantor to make the trust agreement part of his Will. Thus, we hold that the purported trust agreement was incorporated in the Tyson Will by reference and made an integral part of the Will. By said incorporation it makes no difference whether the purported trust was legally valid.

The Supreme Court case *Godwin v. Trust Co.*, 259 N.C. 520, 131 S.E.2d 456 (1963), is very close to the case at bar and provides further support for our holding. In *Godwin*, a purported trust agreement was executed by a husband and wife. The validity of the trust was questioned because the wife had not been privately examined in compliance with the law. On the same day that the trust agreement was purportedly executed, the husband and wife each executed a last will and testament. The language of the will at issue included in pertinent part:

I hereby will, devise, bequeath all my property of every sort, kind, description to N.H. Godwin, Attorney, as Trustee, to be disposed of as provided in a Trust Agreement executed by me and my beloved husband, Frank C. Griffin.

*Id.* at 524, 131 S.E.2d at 459. The North Carolina Supreme Court held: "[S]uch [trust] agreement was incorporated . . . by reference and made an integral part thereof as effectively, in our opinion, as if the trust agreement had been set out in full[.]" *Id.* at 526, 131 S.E.2d at 460. In *Godwin*, as in the instant case, the trust agreement contained no date of execution.

For the reasons herein stated, we conclude that a valid trust was created by the doctrine of incorporation by reference.

The order granting judgment in favor of plaintiff is reversed and remanded to the trial court for entry of judgment in favor of defendants.

REVERSED.

Judges MARTIN and HORTON concur.